DAKOTA NATIONAL BANK, Appellant, v. KLEINSCHMIDT, Respondent.

(139 N. W. 348.)

**Appeal—Briefs, Failure to File—Abandonment of Appeal—Affirmance of Judgment.**

Appellant having failed to file a brief, as required by law and rules of court, the Supreme Court will presume that the appeal has been abandoned, and will either dismiss appeal or affirm the judgment; judgment affirmed.

(Opinion filed January 6, 1913.   Rehearing granted March 11, 1913.)

Appeal from Circuit Court, Hughes County.   Hon. JOHN F. HUGHES, Judge.

Action by the Dakota National Bank against G. H. Kleinschmidt.   From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

*Hazle & Huntington,* (L. L. Stephens of Counsel), for Appellant.

No brief was filed on behalf of appellant concerning dismissal of appeal or concerning affirmance for want of a brief for appellant.

*Theo. Quale* and *Sutherland & Payne,* for Respondent.

Appellant, in its brief, does not set forth any assignment of errors.   We submit that appellant should be required to set forth

its assignments of error, and upon its failure to do so, the court should refuse to consider same. Further, appellant, in its argument, complains of the instructions of the court, but does not set forth in its brief such instructions. Instructions in any case are read and we submit that because of the failure of the appellant to set forth the instructions of the court, its contentions with reference thereto should be disregarded.

Appellant, in its argument, complains of three errors: One, "That the court erred in its instruction to the jury in that the said instructions were practically a direction to find for the defendant;" Second, "That the court erred in refusing to admit in evidence, plaintiff's offer of exhibits marked, respectively, 5 and 7;" Third, "That the court erred in refusing to direct a verdict for the plaintiff." (Page 11, appellant's brief).

We say that these are the propositions argued. By referring to the record, we find that appellant has ten assignments of error. We take it that certain of the assignments of error not included in the three propositions above, and not discussed by appellant in its brief, are abandoned. Mitchell v. Black Eagle Mining Co., 128 N. W. 159.

The only assignment of error referring to or covering number one of the above propositions, is found in assignment number tenth, which assignment is in the following language: "The court erred in its instructions to the jury in said action, to which instructions, plaintiff excepted, which exceptions were allowed on the 4th day of December, 1911, and which exceptions are found on pages 116, 117, 118, 119, 120, 121, 122 and 123 of the record."

We think that this assignment is altogether too vague and indefinite to call for a review of any matters in the record by this court. We think it clearly falls within the rule laid down in State v. Chapman, 1 S. D. 414, and approved in State v. Cleveland, 121 N. W. 841. In this connection, we cite State v. Doran, (S. D.) 134 N. W. 55.

The above case was decided January 17, 1912, and had been reported in the published reports several months when this appeal was taken. We submit that any confusion due to the passage of Chapter 15 of the Laws of 1911 was cleared up by this decision and the appellant should be required to conform to the practice thus prescribed.

With appellant's brief so defective, with no statement therein of assignments of error, with the instructions of the court lacking of which it complains, with no complete and connected statement of the evidence introduced at the trial, it certainly is exceedingly difficult to discuss, in a manner intelligible to the court, the alleged errors of the appellant.

SMITH, J.   Appeal from circuit court of Hughes county. Appellant having failed to file a brief, with statement of facts and assignment of error, as required by law and the rules of this court, there is nothing before the court at this time for consideration.   Under the well-established rule of this court, a failure to file briefs, with proper assignments of error, is an abandonment of the appeal.   Paul Book Co.  v. Ringsdorf, 27 S. D. 218, 130 N. W. 83; Todd v. Carr, 17 S. D. 514, 97 N. W. 720; Russel v. Deadwood Development Co., 16 S. D. 644, 94 N. W. 693; Meyer v. Chicago, M. & St. P. R. R. Co., 22 S. D. 377, 117 N. W. 1037; Bunday v. Smith, 23 S. D. 308, 121 N. W. 792.   Where appellant fails to file a brief, the appellate court will presume that the appeal has been abandoned, and either dismiss the appeal or affirm the judgment.   Welch v. Synoground, 17 S. D. 514, 97 N. W. 720; Whitcher v. Foote, 128 N. W. 1022.

The judgment of the trial court is affirmed.